UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

TAMEEKA EKPE,

     Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

     Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues CARNIVAL CORPORATION and alleges:

### **PRELIMINARY ALLEGATIONS**

1. The Plaintiff, TAMEEKA EKPE, is a citizen of Georgia.

2. Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, is a foreign

    entity incorporated in Panama with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28

    U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction pursuant to 28

    U.S.C. § 1332.  Further, this matter is being filed in the United States District Court for the

    Southern District of Florida located in Miami-Dade County, Florida, as required by the forum

    selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or
       county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Carnival Liberty*.

5. The Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Carnival Liberty*.

8. At all times material hereto, Defendant had exclusive custody and control of the *Carnival Liberty*.

9. On or about November 28, 2022[1], the Plaintiff was a paying passenger aboard the *Carnival Liberty*, which at all times material was in navigable waters.

10. On or about November 28, 2022, Defendant was responsible for overseeing the operations of the muster drills and its crew including, but not limited to, safety, staffing, training, guidance, and instruction in the event of an emergency.

---

[1] The Statute of Limitation as provided in the cruise ticket contract was extended by Defendant.

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

11. Defendant is also responsible for ensuring doors leading to outside decks are safe and maintained to avoid increased wind pressure from forcefully swinging open or forcefully shutting.

12. On or about November 28, 2022, while aboard the *Carnival Liberty*, the Plaintiff (after completing the muster drill) was walking outside on Deck 4 near Muster Station H when suddenly and unexpectedly (to Plaintiff), a crewmember forcefully opened a steel door that hit the Plaintiff.

13. The crewmember had failed to open the door carefully and failed to check if anyone was approaching on the other side of the door prior to forcefully opening it and, thereby, causing Plaintiff to be struck by the door upon impact.

14. As a result of the incident, the Plaintiff sustained severe injuries to the right side of her body including, but not limited to, her right elbow, right arm, and right hand.

15. The subject door was originally selected and installed by the Defendant and/or at the direction of the Defendant using a securing system and method selected by the Defendant.

16. There was nothing the Plaintiff could have done to prevent the incident.

17. Among other prior incidents involving the same or similar circumstances, the Defendant knew of the dangerous conditions aboard the *Carnival Liberty* which caused Plaintiff's incident because on or about April 4, 2022, another passenger aboard Defendant's vessel was injured when a door that led to the balcony suddenly and forcefully shut on her fingers due to increased wind pressure. *See Parrish v. Carnival Corporation*, Case No. 23-20831-CIV-MORENO. *See also Quashen v. Carnival Corporation*, Case No. 20-22299-CIV-MOORE.

## <u>COUNT I – NEGLIGENT FAILURE TO WARN</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one

(1) through seventeen (17) as though alleged originally herein.

18. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

19. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

20. On or about November 28, 2022, the Plaintiff was on Deck 4 participating in the muster drill aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

21. On or about November 28, 2022, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to adequately warn passengers (including the Plaintiff) of hazards posed by the subject door;

    b. Failure to adequately warn passengers (including the Plaintiff) that the subject door would forcefully open;

    c. Failure to warn passengers including the Plaintiff of dangers associated with doors that lead to open decks and may cause injury as a result of increased wind pressure;

    d. Failure to warn the Plaintiff that the subject door was not properly inspected or maintained;

    e. Failure to block access to the subject door and/or area so as to warn passengers (including the Plaintiff) of doors that may forcefully open; and/or

    f. Failure to place signs in the subject area so as to warn the Plaintiff of the unsecured or unsafe subject door that may forcefully open and cause injury.

22. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have walked in the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the ship's doors and/or through prior incidents involving passengers injured because of doors forcefully opening and shutting on Defendant's vessels and/or other vessels reported within the cruise industry. Additionally, Defendant knew of the dangerous condition that caused the Plaintiff's subject incident because on or about April 4, 2022, another passenger aboard Defendant's vessel was injured when a door that led to the balcony suddenly and forcefully shut on her fingers due to increased wind pressure. *See Parrish v. Carnival Corporation*, Case No. 23-20831-CIV-MORENO. *See also Quashen v. Carnival Corporation*, Case No. 20-22299-CIV-MOORE.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the

future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands a trial by jury for all damages recoverable under the law.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. At all times material hereto, it was the duty of Defendant to maintain its doors and walkways in a reasonably safe condition.

27. On or about November 28, 2022, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly maintain the subject door;

   b. Failure to maintain safety devices, such as door dampers, appurtenant to the door in proper working condition;

   c. Failure to adequately and regularly maintain the securing mechanisms used to install and secure the subject door;

   d. Failure to provide additional securing mechanisms in light of the anticipated use by crew;

   e. Failure to inspect the door and/or safety devices appurtenant to the door;

      f.   Failure to inspect the subject door and dangers associated therewith as it relates to speed while in use; and/or

      g.   Failure to adequately and regularly inspect its doors to determine whether the subject door was inadequately selected, installed, maintained, or secured.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain its doors including the subject door.

29. At all times material hereto, the subject door was not properly installed, maintained, or secured and was unreasonably dangerous.

30. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject area, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the ship's doors and/or through prior incidents involving passengers injured because of doors forcefully opening and shutting on Defendant's vessels and/or other vessels reported within the cruise industry. Additionally, Defendant knew of the dangerous condition that caused the Plaintiff's subject incident because on or about April 4, 2022, another passenger aboard Defendant's vessel was injured when a door that led to the balcony suddenly and forcefully shut on her fingers due to increased wind pressure.  *See Parrish v. Carnival Corporation*, Case No. 23-20831-CIV-MORENO.  *See also Quashen v. Carnival Corporation*, Case No. 20-22299-CIV-MOORE.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of

life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands a trial by jury for all damages recoverable under the law.

## COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

32. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33. The dangerous and hazardous condition(s) were not open and obvious to the Plaintiff and there was nothing she could have done to prevent her incident.

34. The muster drills are conducted at the direction of the Defendant and the subject door is installed and maintained by the Defendant using a securing system and method selected by the Defendant; and remaining in the exclusive control, custody, and care of the Defendant.

35. The subject area at which the Plaintiff was standing was open and offered by the Defendant to passengers, including the Plaintiff, to walk through and/or stand.

36. At all times material, Defendant through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency

with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

a.   Failure to ensure the safety of passengers like Plaintiff participating in the muster drill;

b.   Failure to provide safety devices, such as door dampers, appurtenant to the door;

c.   Failure to select a safe door with visibility to passenger areas in light of the subject door's intended use;

d.   Failure to select a safe door in light of the wind pressure in the subject area;

e.   Failure to adequately and/or safely secure the subject door during the original installation and/or securing by Defendant;

f.   Failure to test the speed of the door opening to determine whether the door was reasonably safe;

g.   Failure to close off access to the subject area and door in light of the scheduled muster drill that passengers like Plaintiff were participating in;

h.   Failure to ascertain the cause of prior similar accidents occurring on any of the Defendant's vessels fleetwide, so as to take adequate measures to prevent their reoccurrence and this incident specifically;

i.   Failure to conduct adequate and regular inspections of the subject door by Defendant which would have revealed a dangerous condition or weakened securing method;

j.   Failure to promulgate and/or enforce adequate policies and procedures to conduct safe muster drills for passengers;

k.   Failure to promulgate and/or enforce adequate policies and procedures to conduct adequate and regular inspections of its doors leading to outside decks;

l.   Failure to promulgate and/or enforce adequate policies and procedures to conduct

adequate and regular maintenance of the doors leading to outside decks; and/or

m. Failure to select and/or utilize reasonably safe materials to secure the doors in the subject area in light of the anticipated wind pressure and roll and sway of the vessel.

37. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

38. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the ship's doors and/or through prior incidents involving passengers injured because of doors forcefully opening and shutting on Defendant's vessels and/or other vessels reported within the cruise industry. Additionally, Defendant knew of the dangerous condition that caused the Plaintiff's subject incident because on or about April 4, 2022, another passenger aboard Defendant's vessel was injured when a door that led to the balcony suddenly and forcefully shut on her fingers due to increased wind pressure.  *See Parrish v. Carnival Corporation*, Case No. 23-20831-CIV-MORENO.  *See also Quashen v. Carnival Corporation,* Case No. 20-22299-CIV-MOORE.

39. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

  **WHEREFORE**, the Plaintiff demands a trial by jury for all damages recoverable under the law.

**COUNT IV – VICARIOUS LIABILITY AGAINST CARNIVAL**
**FOR NEGLIGENCE OF ITS CREWMEMBER BASED ON *RESPONDEAT SUPERIOR***

  The Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

40. At all times material hereto, CARNIVAL owned, operated, controlled, and/or maintained the decks aboard the *Carnival Liberty*, and was responsible for overseeing the operations of the muster drills and its crew including, but not limited to, safety, staffing, training, guidance, and instruction in the event of an emergency.

41. At all times material, the crewmember that struck the Plaintiff was on duty working aboard the vessel *Carnival Liberty*.

42. At all times material hereto, the crewmember was acting within the scope of his employment or agency.

43. At all times material, the crewmember was an agent, servant and/or employee of CARNIVAL which was therefore vicariously liable for the negligent treatment of Plaintiff under the legal principles of *respondeat superior*.

44. At all times material, CARNIVAL acknowledged that the crewmember would act on CARNIVAL's behalf based on the following:

  a.  The crewmember worked onboard the vessel which was owned and/or operated by

- 11 -

CARNIVAL;

   b.  The crewmember was employed full-time by CARNIVAL;

   c.  The crewmember was paid a salary by CARNIVAL;

   d.  The crewmember wore uniforms and/or nametags, which were provided by CARNIVAL and had CARNIVAL's name and logo;

   e.  The crewmember was under the commands of the ship's officers and followed all of the master's rules and regulations; and

   f.  The crewmember spoke to Plaintiff as though he had authority to do so by CARNIVAL.

45. At all times material, crew were subject to the control and/or right to control by CARNIVAL, based on the allegations set forth in the preceding paragraph, along with the following:

   a.  The crewmember was employed full-time by CARNIVAL, paid a salary by CARNIVAL, and worked on the vessel owned and/or operated by CARNIVAL;

   b.  CARNIVAL operated and determined the manner in which muster drills are performed by crew with instruction furnished by CARNIVAL;

   c.  The crewmember was subject to CARNIVAL's training requirements and were under the commands of CARNIVAL's ship's officers and the master's rules and regulations;

   d.  CARNIVAL had the right to fire the crewmember;

   e.  CARNIVAL established and enforced the terms of employment for its crew including their job duties and the details of their work; and

   f.  CARNIVAL supplied the tools, mechanisms, workplace and equipment for said personnel to perform their job duties.

46. At all times material, CARNIVAL acknowledged that the crewmember would act on CARNIVAL's behalf, and the crewmember accepted the undertaking.

Lipcon, Margulies & Winkleman, P.A.

47. At all times material, CARNIVAL had a duty to provide the Plaintiff with reasonable care under the circumstances.

48. At all times material, the crewmember owed a duty to provide the Plaintiff with reasonable care under the circumstances.

49. CARNIVAL is vicariously liable under the principles of *respondeat superior,* for the acts and omissions of its employees, servants, agents, ostensible agents, and/or representatives, including but not limited to it staff and crew, and breached its duty to exercise reasonable care under the circumstances owed to the Plaintiff as follows:

   a. Failing to carry out his duties safely;

   b. Failing to recognize and appreciate the risks to others posed by the subject door;

   c. Negligently opening a door forcefully without visibility to the deck and walkway where passengers like the Plaintiff were;

   d. Failing to open the door carefully so as to avoid injury to passengers like the Plaintiff in the area;

   e. Failing to check if anyone was approaching on the other side of the door prior to forcefully opening the subject door; and/or

   f. Failure to adhere and refer to CARNIVAL's policies and procedures.

50. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

51. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

LIPCON, MARGULIES & WINKLEMAN, P.A.

52. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands a trial by jury for all damages recoverable under the law.

Dated: December 19, 2023.                         Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:   */s/ Stefanie A. Black*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com